UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| State of Mississippi,<br><br>   *Plaintiff*,<br><br> v.<br><br>Optum, Inc., *et al.*<br><br>   *Defendants*. | Case No. 3:24-cv-718-KHJ-MTP |

**CERTAIN DEFENDANTS' JOINT MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

## TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................................1

LEGAL STANDARD ...........................................................................................................2

ARGUMENT .........................................................................................................................3

    I.    MISSISSIPPI'S LONG-ARM STATUTE DOES NOT AUTHORIZE JURISDICTION OVER THE MOVING DEFENDANTS. ....................................4

    II.    THE COURT LACKS JURISDICTION OVER THE MOVING DEFENDANTS AS A MATTER OF FEDERAL DUE PROCESS. .......................7

        A.    The Court lacks general jurisdiction over the Moving Defendants because, as the State concedes, none is "at home" in Mississippi. ...............8

        B.    The Court lacks specific jurisdiction over the Moving Defendants. ...........8

CONCLUSION ....................................................................................................................15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adm'rs of Tulane Educ. Fund v. Ipsen, S.A.*, 450 F. App'x 326 (5th Cir. 2011) ............................ 6

Anne Arundel County v. Express Scripts, Inc., 2025 WL 254807
(D. Md. Jan. 21, 2025) .................................................................................................................. 9

*Bulkley & Assocs., L.L.C. v. Dep't of Indus. Rels.*, 1 F.4th 346 (5th Cir. 2021) ........................... 3

*Calder v. Jones*, 465 U.S. 783 (1984) ............................................................................................ 2

*Colwell Realty Invs., Inc. v. Triple T Inns of Az., Inc.*, 785 F.2d 1330 (5th Cir. 1986) ................ 3

Conti 11. Container Schiffarts-GMBH & Co. v. MSC Mediterranean Shipping Co. S.A.,
91 F.4th 789 (5th Cir. 2024) .................................................................................................... 1, 10

*Cycles, Ltd. v. W.J. Digby, Inc.*, 889 F.2d 612 (5th Cir. 1989) ...................................................... 4

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) ............................................................................... 8,

*Davenport v. HansaWorld USA, Inc.*, 23 F. Supp. 3d 679 (S.D. Miss. 2014) ............................... 6

*Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331 (5th Cir. 1999) ........................................ 11

*Douglass v. Nippon Yusen Kabushiki Kaisha*, 46 F.4th 226 (5th Cir. 2022) ................................. 8

Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct., 592 U.S. 351 (2021) ........................................... 9

*Gammill v. Lincoln Life & Annuity Distribs.*, 200 F. Supp. 2d 632 (S.D. Miss. 2001) ................. 4

*Haas Outdoors, Inc. v. Dryshod Int'l, LLC*, 347 F. Supp. 3d 266 (N.D. Miss. 2018) ................... 4

Hanback v. GGNSC Southaven, LLC, No. 3:13-cv-00288-MPM-SAA, 2014 WL 3530613
(N.D. Miss. 2014) .......................................................................................................................... 5

*Hargrave v. Fibreboard Corp.*, 710 F.2d 1154 (5th Cir. 1983) ............................................... 6, 11

*Hogrobrooks v. Progressive Direct*, 858 So. 2d 913 (Miss. Ct. App. 2003) ................................ 3

*Insurasource, Inc. v. Cowles & Connell of NY, Inc.*, 2011 WL 4397487
(S.D. Miss. Sep. 21, 2011) ............................................................................................................. 6

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) ..................................................................... 9

*ITL Int'l Inc. v. Constenla, S.A.*, 669 F.3d 493 (5th Cir. 2012) .................................................... 4

*King v. Terex Corp.*, No. 2:18-CV-174-KS-MTP, 2019 WL 3368914
(S.D. Miss. July 2, 2019) ............................................................................................ 11

*Mink v. AAAA Dev. LLC*, 190 F.3d 333 (5th Cir. 1999) ...................................... 2, 3, 8

*Mississippi v. Eli Lilly & Co*, No. 3:21-cv-674-KHJ-MTP (S.D. Miss, Aug. 15, 2022) ....... passim

*Monkton Ins. Servs. v. Ritter*, 768 F.3d 429 (5th Cir. 2014) ........................................... 8

*Mullen v. Bell Helicopter Textron, Inc.*, 136 F. Supp. 3d 740 (S.D. Miss. 2015) ........... 8

*Murdock Acceptance Corp. v. Adcox*, 138 So. 2d 890 (Miss. 1962) ............................. 5

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865 (5th Cir. 2001) ................. 3

*Pearson v. Shriners Hosps. for Children, Inc.*, 133 F.4th 433 (5th Cir. 2025) ...................... passim

*Smith v. Antler Insanity, LLC*, 58 F. Supp. 3d 716 (S.D. Miss. 2014) ............................ 4

*United States v. Bestfoods*, 524 U.S. 51 (1998) ..................................................... 10, 11

*Walden v. Fiore*, 571 U.S. 277 (2014) ................................................................. passim

*Webb v. 3M Co.*, No. 1:22-CV-145-KHJ-MTP, 2022 WL 19263323
(S.D. Miss. Nov. 3, 2022) ............................................................................................. 9

*Wilson v. Belin*, 20 F.3d 644 (5th Cir. 1994) ................................................................. 3

*Wilson v. Highpointe Hosp., Inc.*, 62 So. 3d 999 (Miss. Ct. App. 2011) ........................ 6

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) ............................... 9

**Statutes**

Miss. Code Ann. § 13-3-57 ........................................................................................ 4, 6

Miss. Code Ann. § 79-35-15 .......................................................................................... 8

**Rules**

Fed. R. Civ. P. 12(b)(2) ............................................................................................. 1, 3

# INTRODUCTION

Defendants UnitedHealth Group, Inc. (**UHG**), Optum, Inc., OptumInsight, Inc., OptumInsight Life Sciences, Inc., and The Lewin Group, Inc. (together, **Moving Defendants**) move to dismiss Plaintiff the State of Mississippi's (**State**) Complaint (Dkt. 1) for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

As explained in Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and supporting memorandum, the State's claims against all thirteen of the named defendants fail because there are no plausible or particularized factual allegations supporting the claims against them. But the Court does not need to reach those arguments for five of those entities—UHG, Optum, Inc., OptumInsight, Inc., OptumInsight Life Sciences, Inc., and The Lewin Group, Inc.—because the State fails to establish that the Court has personal jurisdiction over them. *See* Fed. R. Civ. P. 12(b)(2).

**UHG & Optum, Inc.** The State sued UHG and Optum, Inc. solely in their capacities as parent companies of OptumRx, Inc., a separate legal entity that is not challenging the Court's personal jurisdiction. But allegations of a parent–subsidiary relationship are insufficient to establish jurisdiction over the parent. *See Conti 11. Container Schiffarts-GMBH & Co. v. MSC Mediterranean Shipping Co. S.A.*, 91 F.4th 789, 800 (5th Cir. 2024). The few allegations that specifically mention UHG or Optum, Inc. (largely confined to the paragraphs introducing the parties, *see* Compl. ¶¶ 38–69) do not come close to establishing that either company engaged in suit-related conduct creating a "substantial connection" with Mississippi. *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

**OptumInsight, Inc., OptumInsight Life Sciences, Inc., and The Lewin Group, Inc.**, The State refers to these entities collectively as "OptumInsight" without alleging which entity engaged in what conduct. Indeed, the State makes individual references to OptumInsight, Inc.,

1

OptumInsight Life Sciences, Inc., and the Lewin Group only once—in the paragraphs where it identifies them as named defendants. Compl. ¶¶ 55–58. After that, it's all group pleading. That kind of group pleading isn't enough; when assessing personal jurisdiction, "[e]ach defendant's contacts with the forum state must be assessed individually." *Pearson v. Shriners Hosps. for Children, Inc.*, 133 F.4th 433, 442 (5th Cir. 2025) (quoting *Calder v. Jones*, 465 U.S. 783, 790 (1984) (affirming dismissal of defendants for lack of personal jurisdiction).

But even if the Court credits the State's group pleading, its allegations about "OptumInsight" (undifferentiated) only describe interactions with pharmaceutical manufacturers on a nationwide level. None of those allegations reflect a suit-specific nexus to Mississippi sufficient to establish the sort of "substantial connection" with the forum necessary for a court to exercise personal jurisdiction. *Walden*, 571 U.S. at 284.

This is not the first time this Court has confronted threadbare allegations against some of those entities. In a similar case, this Court held that non-specific and non-Mississippi-directed allegations about UHG, Optum, Inc., and OptumInsight, Inc. (and another entity not named in this suit) were insufficient to establish personal jurisdiction. *See Mississippi v. Eli Lilly & Co*, No. 3:21-cv-674-KHJ-MTP (S.D. Miss, Aug. 15, 2022), ECF No. 112 (granting Optum, Inc.; OptumInsight, Inc.; OptumRx Holdings, LLC; and UnitedHealth Group, Inc.'s motion to dismiss for lack of personal jurisdiction) (Ex. 1, **Eli Lilly Order**). The State's threadbare complaint in this case compels the same result. This Court should dismiss the State's claims against the Moving Defendants for lack of personal jurisdiction.

## LEGAL STANDARD

This Court may not exercise personal jurisdiction over a defendant unless doing so comports with Mississippi's long-arm statute and the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999)

2

("A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution."). Rule 12(b)(2) requires dismissal of a lawsuit when the plaintiff's allegations fail to meet those standards. *See* Fed. R. Civ. P. 12(b)(2). "When a nonresident defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the defendant." *Mink*, 190 F.3d at 335 (citing *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994)). Although "[t]he Court must take the 'allegations contained in the complaint' . . . as true" (Eli Lilly Order at 4 (quoting *Colwell Realty Invs., Inc. v. Triple T Inns of Az., Inc.*, 785 F.2d 1330, 1333 (5th Cir. 1986)), the Court is "not require[d] . . . to credit conclusory allegations, even if uncontroverted." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

## ARGUMENT

The State fails to allege any basis for exercising personal jurisdiction over the Moving Defendants. First, this Court lacks personal jurisdiction over each of the Moving Defendants under Mississippi's long-arm statute because the State's allegations do not satisfy any of the statute's three prongs. *See* Eli Lilly Order at 6–9. Second, this Court lacks personal jurisdiction over the Moving Defendants as a matter of federal due process because the State alleges no facts showing the Court has either general or specific jurisdiction. *See id.* at 9–14. The State bears the burden of establishing that the Court has personal jurisdiction over each defendant under both the long-arm statute and as a matter of federal due process. *Bulkley & Assocs., L.L.C. v. Dep't of Indus. Rels.*, 1 F.4th 346, 350 (5th Cir. 2021); *Hogrobrooks v. Progressive Direct*, 858 So. 2d 913, 919 (Miss. Ct. App. 2003). And the Court must assess whether the State has met its burden for each Moving

3

Defendant individually. *Smith v. Antler Insanity, LLC*, 58 F. Supp. 3d 716, 722 (S.D. Miss. 2014). The State fails to meet its burden on all fronts.

I.   **MISSISSIPPI'S LONG-ARM STATUTE DOES NOT AUTHORIZE JURISDICTION OVER THE MOVING DEFENDANTS.**

This Court may exercise personal jurisdiction only if doing so comports with Mississippi's long-arm statute. Miss. Code Ann. § 13-3-57; *see also Cycles, Ltd. v. W.J. Digby, Inc.*, 889 F.2d 612, 616 (5th Cir. 1989). The State fails to allege facts showing that Mississippi's long-arm statute authorizes jurisdiction over any of the Moving Defendants.

"Mississippi's long-arm statute is not coextensive with federal due process and has a relatively restrictive scope," *Gammill v. Lincoln Life & Annuity Distributors*, 200 F. Supp. 2d 632, 635 (S.D. Miss. 2001), so if the Court determines that "the long-arm statute does not reach" the Moving Defendants, it "need not reach the question of whether the exercise of personal jurisdiction over [the Moving] Defendants would be consistent with due process." *Haas Outdoors, Inc. v. Dryshod Int'l*, LLC, 347 F. Supp. 3d 266, 272 (N.D. Miss. 2018). Mississippi's long arm statute requires the State to show that each of the Moving Defendants individually: (1) entered into a contract to be performed, in whole or in part, in Mississippi, (2) committed a tort, in whole or in part, in Mississippi, or (3) was "doing business" in Mississippi. Eli Lilly Order at 5; Miss. Code Ann. § 13-3-57; *ITL Int'l Inc. v. Constenla, S.A.*, 669 F.3d 493, 497 (5th Cir. 2012) (explaining that "[t]he three prongs of the long-arm statute are commonly referred to as the contract prong, the tort prong, and the doing-business prong").

The State fails to allege *any* conduct by *any* of the Moving Defendants falling within *any* of the long-arm statute's three prongs. There are no factual allegations that any Moving Defendant contracted with any Mississippi resident or was obligated to perform any contract in Mississippi. Nor are there allegations that any Moving Defendant committed a tort in Mississippi or did

4

business in Mississippi. A review of the few allegations that refer to the defendant entities individually reveals that the State does not come close to alleging that the Moving Defendants engaged in contractual, tortious, or business-related conduct in Mississippi.

For UHG and Optum, Inc., the State attempts to connect those entities to Mississippi based solely on their parent–subsidiary relationships with OptumRx, which the State alleges is a pharmacy benefit manager (**PBM**) engaged in PBM activities in Mississippi. *See, e.g.*, Compl. ¶¶ 44–45, 65, 68 (alleging UHG and Optum, Inc. were "directly involved in the conduct of and control" OptumRx's business operations through various executives and employees). But UHG and Optum, Inc. are distinct corporate entities from OptumRx and do not themselves perform PBM services. *See* Compl. ¶ 44 (alleging OptumRx operates "as the PBM for UHG" and Optum, Inc. "manages other subsidiaries [of UHG] that administer UHG's pharmacy benefits"). The State's allegation of "interlocking directorships and shared executives" between the corporate parents and OptumRx, *id.* ¶ 65, cannot overcome that basic fact. *See Hanback v. GGNSC Southaven*, LLC, No. 3:13-cv-00288-MPM-SAA, 2014 WL 3530613, at *5 (N.D. Miss. 2014) (concluding long-arm statute was not satisfied because "it would thwart many of the legitimate aims of formal corporate structuring" to conclude otherwise, and "[o]rdinarily two or more corporations are separate and distinct entities . . . although such corporations may have the same persons as officers" (quoting *Murdock Acceptance Corp. v. Adcox*, 138 So. 2d 890, 896 (Miss. 1962))).

For similar reasons, the State's other conclusory allegations fail to connect UHG and Optum, Inc. to any Mississippi-based conduct. *See* Eli Lilly Order at 6–7. For example, the State alleges that "UHG . . . controls the company-wide policies that inform both UHC and Optum's lines of business, including policies that shape its PBM services," Compl. ¶ 42, and "Optum, Inc. is directly involved . . . in the company policies that inform its PBM services, including design of

5

formularies used throughout Mississippi," *id*. ¶ 45. Those sorts of generic allegations about a parent company are insufficient to confer jurisdiction based on the activities of its wholly owned subsidiary. *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983) ("Generally, a foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there."). Mississippi courts "presume corporate separateness," *Davenport v. HansaWorld USA, Inc.*, 23 F. Supp. 3d 679, 697 (S.D. Miss. 2014), and this presumption can only be overcome by "clear evidence" to the contrary. *Adm'rs of Tulane Educ. Fund v. Ipsen, S.A.*, 450 F. App'x 326, 329 (5th Cir. 2011). The State has offered no such evidence. Instead, the State attempts to characterize ordinary corporate conduct as undue control. *See* Compl. ¶ 65 (alleging that officers and executives of certain Moving Defendants served in different positions at different times across various subsidiaries, that public filings "present [UHG's] subsidiaries as divisions of a single company," and executives of subsidiaries ultimately report to executives of the corporate parent). Those allegations are patently insufficient to establish personal jurisdiction over UHG and Optum, Inc. *See Wilson v. Highpointe Hosp., Inc.*, 62 So. 3d 999, 1001 (Miss. Ct. App. 2011) (citation omitted) (a defendant must "purposefully do some act or consummate a transaction in Mississippi" to satisfy the "doing business" prong of the long-arm statute); *Insurasource, Inc. v. Cowles & Connell of NY, Inc*., 2011 WL 4397487, at *5 (S.D. Miss. Sep. 21, 2011) (same).

      The State's allegations about OptumInsight, Inc., OptumInsight Life Sciences, Inc., and The Lewin Group, Inc. fare no better. The State fails to allege that any of these entities did anything in Mississippi, let alone that they had a contractual obligation, committed a tort, or did business in Mississippi. *See* Miss. Code Ann. § 13-3-57. Instead, the State improperly lumps those three entities together as "OptumInsight," *e.g.*, Compl. ¶ 60, and makes a variety of conclusory

6

allegations—none of which satisfy the long-arm statute. For example, the State alleges that "OptumInsight [undifferentiated] is an integral part of the conduct that gave rise to the State's causes of action," without identifying which of the three entities subsumed in that moniker engaged in what conduct and how that conduct satisfies a prong of the long-arm statute. In fact, the complaint does not contain a *single* allegation about the conduct of OptumInsight Life Sciences, Inc., OptumInsight, Inc., or The Lewin Group, Inc., individually, related to the claims in this case. The only allegations mentioning those entities provide background on their basic corporate structure and history in the enterprise. *See* Compl. ¶¶ 55–60. The State's allegations regarding those entities' registration in Mississippi are similarly unavailing because "[a] defendant is not necessarily subject to Mississippi's long-arm statute because it is licensed to do business in Mississippi." *See* Eli Lilly Order at 8–9 (concluding OptumInsight, Inc. was not subject to Mississippi's long-arm statute).

Accordingly, the Court lacks jurisdiction over UHG, Optum, Inc., OptumInsight, Inc., OptumInsight Life Sciences, Inc., and The Lewin Group, Inc. under Mississippi's long-arm statute.

## II.   THE COURT LACKS JURISDICTION OVER THE MOVING DEFENDANTS AS A MATTER OF FEDERAL DUE PROCESS.

Because the State fails to allege facts supporting the exercise of jurisdiction under the long-arm statute, the Court need not consider whether the exercise of jurisdiction comports with federal due process. But even if the complaint satisfied the long-arm statute (and it does not), the State still fails to allege any facts supporting the exercise of jurisdiction over each of the Moving Defendants as a matter of federal due process.

"The Due Process Clause of the Fourteenth Amendment permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the

forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Mink*, 190 F.3d at 336 (citation omitted). "Personal jurisdiction can be general or specific." *Id*. (citation omitted).

This Court has neither general nor specific jurisdiction over Moving Defendants, and exercising jurisdiction here would run afoul of federal due process.

### A.    The Court lacks general jurisdiction over the Moving Defendants because, as the State concedes, none is "at home" in Mississippi.

General jurisdiction only attaches if a business has "affiliations with the State [that] are so 'continuous and systematic'" that it "is fairly regarded as at home" there. *Daimler AG v. Bauman*, 571 U.S. 117, 137–38 (2014) (quotation omitted). Generally, a company's "place of incorporation and principal place of business" are the only places where it is "at home." *Monkton Ins. Servs. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (quoting *Daimler*, 571 U.S. at 137); *see Douglass v. Nippon Yusen Kabushiki Kaisha*, 46 F.4th 226, 235 (5th Cir. 2022).

The State concedes that none of the Moving Defendants is incorporated in Mississippi. Compl. ¶¶ 38, 44, 55–56. And none has its principal place of business in Mississippi. *Id*. Therefore, none is "at home" in Mississippi. *Daimler*, 571 U.S. at 137. The State alleges that certain Moving Defendants are registered to do business in the state. Compl. ¶¶ 55, 57. But a Moving Defendant's "business registration in Mississippi does not establish that it is 'at home' in Mississippi." *Mullen v. Bell Helicopter Textron, Inc.*, 136 F. Supp. 3d 740, 744 (S.D. Miss. 2015); *see* Miss. Code Ann. § 79-35-15. The State fails to establish general jurisdiction over Moving Defendants.

### B.    The Court lacks specific jurisdiction over the Moving Defendants.

The State fails to allege any facts showing that Moving Defendants have suit-related contacts with Mississippi that "create a substantial connection with the . . . State." *Walden*, 571 U.S. at 284. The U.S. Supreme Court has "consistently rejected attempts to satisfy the defendant-

8

focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Id*. Courts may exercise specific personal jurisdiction if: "(1) the defendant purposefully avails itself of the privilege of conducting activities in the forum state, (2) the plaintiff's claim arises out of or relates to those purposeful contacts, and (3) exercising jurisdiction is fair and reasonable to the nonresident defendant." *Webb v. 3M Co.*, No. 1:22-CV-145-KHJ-MTP, 2022 WL 19263323, at *2 (S.D. Miss. Nov. 3, 2022) (cleaned up) (quotation omitted). "Minimum contacts require an intentional act invoking the 'benefits and protections of [the forum state's] laws'" such that the "defendant should 'reasonably anticipate being haled into court' in the forum state based on that act." *Id.* at *3 (first quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 360 (2021); then quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). Exercising jurisdiction over the non-resident defendant must comport with "fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

The State fails to allege that each Moving Defendant has the minimum contacts required for specific jurisdiction, let alone that the State's claims "arise[] out of or relate[] to" those contacts. *Webb*, 2022 WL 19263323, at *2 (citation omitted).[1] *See* Eli Lilly Order at 11–14 (finding UHG, Optum, Inc., OptumInsight, Inc., and other entities did not have minimum contacts in Mississippi).

---

[1] Earlier this year, another court reached the same conclusion in another case asserting similar opioid-related claims against OptumInsight, Inc. and OptumInsight Life Sciences, Inc. *See Anne Arundel County v. Express Scripts, Inc.*, 2025 WL 254807, at *10 (D. Md. Jan. 21, 2025). There, the court explained that the burden is on the plaintiff to plead a *prima facie* basis for personal jurisdiction. *Id.* at *2. But "[n]one of the County's allegations referencing the OptumInsight Entities indicate that they transacted business within Maryland," and "[t]he conduct alleged in the Amended Complaint does not establish that the OptumInsight Entities purposefully availed themselves of the privilege of conducting activities within Maryland, or that the County's claims arise out of those contacts." *Id.* at *3–4. Therefore, "the County has not alleged any facts that suggest that this Court may have specific personal jurisdiction over the OptumInsight Entities." *Id.* at *4.

An allegation-by-allegation review of every paragraph in the complaint that refers to those entities shows as much.

### 1.     The State has not pleaded facts showing that UHG and Optum, Inc. are subject to specific jurisdiction.

The complaint mentions UHG and Optum, Inc. only a handful of times in allegations providing background and describing the parent–subsidiary relationships of each company. *See* Compl. ¶¶ 38–46, 48, 50, 52–54, 58–59, 126. But "a foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there." *Conti 11. Container Schiffarts-GMBH & Co.*, 91 F.4th at 800 (quotation omitted); *see also United States v. Bestfoods*, 524 U.S. 51, 61 (1998) ("It is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation . . . is not liable for the acts of its subsidiaries." (quotation omitted)). The State's allegations fail to overcome the "presumption" of corporate separateness between UHG, Optum, Inc., and the subsidiary entities. *See Conti 11. Container Schiffarts-GMBH & Co.*, 91 F.4th at 800–02 (no personal jurisdiction over corporate parents because no evidence that they "failed to observe corporate formalities" or parents "exercis[ed] complete authority over [subsidiary's] operations"). And the State otherwise fails to connect the parent entities to Mississippi in any way.

**Paragraph 62** alleges that each opioid manufacturer assigned executives to "expand and strengthen the ties between UHG, OptumInsight [undifferentiated], OptumRx, and the manufacturers." That allegation doesn't even mention Mississippi or otherwise suggest that UHG (or "OptumInsight" (undifferentiated)) had any connection with Mississippi, let alone suit-related contacts creating a substantial connection with Mississippi. *Walden*, 571 U.S. at 284.

**Paragraph 65** includes basic information about UHG and Optum, Inc. as corporate parents, like their current or former officers and directors, stock ownership, and disclosures from

public filings. Compl. ¶ 65. Inasmuch as those conclusory allegations represent the State's efforts to pierce the corporate distinction between the different defendants in the "UHG corporate family," *see, e.g.*, *id.* ¶ 65(c), they fall far short of what is required to allege an alter-ego or other veil-piercing theory.

For example, the State alleges that "[a]s a result of numerous interlocking directorships and shared executives, UHG, OptumRx Holdings, LLC and Optum, Inc. are directly involved in the conduct of and control OptumInsight's and OptumRx's operations, management and business decisions . . . ." *Id.* ¶ 65. These purported "interlocking directorships," *id.* ¶¶ 65(a)(i)–(ix), amount to nothing more than non-overlapping tenures at distinct entities over years. And in any event, "commonality of officers and directors are not alone sufficient to establish an alter ego relationship between two corporations." *Hargrave*, 710 F.2d at 1160; *see also Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 339 (5th Cir. 1999) (applying *Hargrave* factors); *King v. Terex Corp.*, No. 2:18-CV-174-KS-MTP, 2019 WL 3368914, at *1 (S.D. Miss. July 2, 2019) (same).

The State further alleges that "UHG directly or indirectly owns all the stock of Optum, Inc., OptumRx, Inc. and OptumInsight," and claims "[t]he public filings, documents and statements of UHG present its subsidiaries as divisions of a single company." *Id.* ¶ 65(b)–(c). But "the exercise of the 'control' which stock ownership gives to stockholders" does not "create liability" for the parent entity. *Bestfoods*, 534 U.S. at 61–62.

### 2. The State has not pleaded facts showing that OptumInsight, Inc., OptumInsight Life Sciences, Inc., or The Lewin Group, Inc. is subject to specific jurisdiction.

The State fails to allege facts showing that OptumInsight, Inc., OptumInsight Life Sciences, Inc., and The Lewin Group, Inc. acted in or purposefully directed any activities towards Mississippi, or that its claims arise from these defendants' purposeful contact or activities in connection with Mississippi. Instead, the State makes general allegations about these three entities'

11

places of incorporation and registration, while failing to allege any specific suit-related conduct whatsoever. *See* Compl. ¶¶ 55–57. In fact, there are only a handful of paragraphs where the State actually mentions these entities at all. None of these allegations establish specific jurisdiction.

**Paragraph 58** alleges that OptumInsight, Inc. was once called Ingenix, Inc. but changed its name after a New York investigation and settlement. This allegation neither mentions Mississippi nor suggests that OptumInsight, Inc. had any connection with Mississippi, let alone suit-related contacts creating a substantial connection with Mississippi. *Walden*, 571 U.S. at 284.

**Paragraph 60** lumps OptumInsight, Inc., OptumInsight Life Sciences, Inc., Ingenix, and The Lewin Group, Inc., as well as their predecessors, successors, and affiliates, together as "OptumInsight." As explained above, that improper group pleading demonstrates that the State cannot establish jurisdiction over each defendant individually. *Pearson*, 133 F.4th at 442. In any case, the allegation doesn't even mention Mississippi or otherwise suggest that those entities had any connection with Mississippi, let alone suit-related contacts creating a substantial connection with Mississippi. *Walden*, 571 U.S. at 284.

**Paragraph 61** alleges that "OptumInsight" is an "integral part of the conduct that gave rise to the State's causes of action" because "OptumInsight" "worked directly with opioid manufacturers to expand the opioid market throughout the United States and in Mississippi." But the State cannot, as a matter of law, impute opioid manufacturers' contacts to OptumInsight, Inc., OptumInsight Life Sciences, Inc., or The Lewin Group, Inc. *Walden*, 571 U.S. at 286 (citation omitted). The State otherwise fails to explain how the alleged work completed by "OptumInsight" creates a substantial connection to Mississippi.

**Paragraph 62** alleges that each opioid manufacturer assigned executives to "expand and strengthen ties between UHG, OptumInsight [undifferentiated], OptumRx, and the

manufacturers." This allegation doesn't mention Mississippi, let alone identify any suit-related contacts creating a substantial connection with Mississippi. *See Walden*, 571 U.S. at 284; *Pearson*, 133 F.4th at 442.

**Paragraph 63** contains an allegation that "OptumInsight" "was paid tens of millions of dollars by opioid manufacturers during the relevant time period for its work to expand the opioid market." Not only does the State not mention Mississippi here; the State doesn't allege *anywhere in the Complaint* that "OptumInsight's" "work" had anything to do with Mississippi, never mind suit-related contacts creating a substantial connection with Mississippi. *Walden*, 571 U.S. at 284.

**Paragraph 64** contains an allegation that "OptumInsight" "analyzed data and other information concerning opioid prescription claims data and health plans' opioid utilization for use in its research and consulting efforts in coordination with opioid manufacturers' efforts to expand the opioid market and increase opioid utilization nationwide, including Mississippi." As with paragraph 61, the State improperly relies on the purported conduct *of opioid manufacturers* to establish personal jurisdiction over "OptumInsight," contrary to established Supreme Court precedent. *Walden*, 571 U.S. at 286. Additionally, the improper group pleading demonstrates that the State cannot establish jurisdiction over each defendant individually. *Pearson*, 133 F.4th at 442. This allegation, like most of the allegations in the complaint, does not even mention Mississippi or otherwise suggest that "OptumInsight" (undifferentiated) had any connection with Mississippi, let alone suit-related contacts creating a substantial connection with Mississippi. *Walden*, 571 U.S. at 284.

       **3.    The State fails to establish personal jurisdiction over each Moving Defendant individually.**

In its remaining allegations, the State fails to distinguish between the Moving Defendants and instead groups them together as "Pharmacy Benefit Managers," "PBM Defendants,"

13

"UHG/Optum," or "OptumInsight." *See e.g.,* Compl. ¶¶ 37, 60, 66–68, 125. As this Court has explained, "[i]t is not enough to simply rest on the use of a collective term, such as 'Defendants,' in the allegations to determine personal jurisdiction" over these entities. Eli Lilly Order at 6. In grouping together these Defendants, the State implicitly concedes that it cannot establish jurisdiction over each defendant individually, as the law requires. *See Pearson*, 133 F.4th at 442.

These allegations are also deficient because they fail to connect any of the Moving Defendants to any alleged conduct in Mississippi. *See e.g.*, Compl. ¶¶ 106–114, 116 142–159, 152–153,155–159, 161–164, 167, 169, 171–178, 180–181, 183–185, 187, 190–221, 223, 226–229, 232–244, 250, 257–258 (not referencing any conduct in Mississippi), ¶¶ 127–130, 138–141 (allegations about pharmacies and opioids generally, with no connection to any of the Moving Defendants or Mississippi), ¶¶ 132–137 (listing various federal laws and Mississippi laws, without alleging anything about any of the Moving Defendants), ¶ 142 (alleging "Defendants [undifferentiated] dispensed tens of billions of morphine milligram equivalents . . . of opioids into communities across the country," without alleging a connection to Mississippi and despite the fact that none of the Moving Defendants has the ability to "dispense[]" drugs). In sum, the State's complaint makes vague, conclusory, undifferentiated allegations that are woefully insufficient to establish the suit-related contacts required for specific jurisdiction.

\* \* \*

This Court does not have specific jurisdiction over UHG, Optum, Inc., OptumInsight, Inc., OptumInsight Life Sciences, Inc., and The Lewin Group, Inc. because the State fails to allege that any of these entities engaged in suit-related conduct in Mississippi. The State does not allege that Moving Defendants purposefully directed any activities toward Mississippi, purposefully availed themselves of the privilege of conducting activities in the forum, or fostered a substantial

connection with the state. *Walden*, 571 U.S. at 284; *see also* Eli Lilly Order. The exercise of personal jurisdiction over Moving Defendants thus does not comport with federal due process.

## CONCLUSION

For these reasons, the Court should dismiss the State's claims against UHG, Optum, Inc., OptumInsight, Inc., OptumInsight Life Sciences, Inc., and The Lewin Group, Inc.

Respectfully submitted,

Dated: July 14, 2025          By:     */s/Jeffrey R. Blackwood*
<pre>
                              Jeffrey R. Blackwood (MS Bar No. 10613)
                              Jonathan M. Barnes (MS Bar No. 105659)
                              Bradley Arant Boult Cummings LLP
                              One Jackson Place
                              188 E Capitol Street
                              Suite 1000
                              Jackson, MS 39201
                              Phone: (601) 948-8000
                              Fax:    (601) 948-3000
                              jblackwood@bradley.com
                              jbarnes@bradley.com

                              Brian D. Boone (*pro hac vice*)
                              Kyle R. Hair (*pro hac vice*)
                              ALSTON & BIRD LLP
                              1120 South Tryon Street, Suite 300
                              Charlotte, NC 28203-6818
                              Tel: (704) 444-1000
                              brian.boone@alston.com
                              kyle.hair@alston.com

                              D. Andrew Hatchett (*pro hac vice*)
                              Grace Assaye (*pro hac vice*)
                              ALSTON & BIRD LLP
                              One Atlantic Center
                              1201 West Peachtree Street
                              Suite 4900
                              Atlanta, GA 30309
                              Tel: (404) 881-7000
                              andrew.hatchett@alston.com
                              grace.assaye@alston.com
</pre>

*Counsel for Optum, Inc., OptumRx, Inc., OptumInsight Life Sciences, Inc., OptumInsight, Inc., UnitedHealth Group, Inc., The Lewin Group, Inc.*